107 F.3d 874
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
5535 WEST 22ND PLACE, CICERO, ILLINOIS, Defendant.
Appeal of John PARSONS.
 No. 95-3120.
 United States Court of Appeals, Seventh Circuit.
 Submitted Jan. 27, 1997.*
Decided Feb. 6, 1997.
 
 Before CUMMINGS, EASTERBROOK and RIPPLE, Circuit Judges.
 
 Order
 
 1
 The interest John Parsons once held in the Gold Cadillac Lounge and Laundromat, at 5535 West 22nd Place in Cicero, Illinois, has been forfeited to the United States under 21 U.S.C. § 881(a)(7), following the district court's finding that Parsons used the property to sell unlawful drugs.
 
 
 2
 Parsons raises a number of arguments on appeal that have no bearing on the propriety of forfeiture. He contends, for example, that the evidence supporting the initial seizure of the property was inadequate, and that he did not receive a pre-seizure hearing meeting the standards of United States v. James Daniel Good Real Property, 510 U.S. 43 (1993). Parsons did not present the latter argument to the district court, so it has been surrendered, and the former argument is simply irrelevant. It is like contending, after a trial on the merits, that the plaintiff lacked an adequate basis for the complaint that initiated the suit (or that the grand jury did not hear enough evidence to support an indictment). Once the trial has been completed, the question at hand is whether the full record supports the decision. See United States v. Mechanik, 475 U.S. 66 (1986); United States v. Fountain, 840 F.2d 509, 514-15 (7th Cir.1988). As in United States v. $87,118.00, 95 F.3d 511, 515-16 (7th Cir.1996), it is unnecessary to determine whether the probable cause to initiate a forfeiture proceeding can include information obtained after the seizure; it is not the initiation of the proceeding (or for that matter the seizure) that aggrieves Parsons.
 
 
 3
 The district court credited the testimony of a paid informant that drugs were sold in the Lounge with Parsons's approval. The decision of a trier of fact to credit testimony cannot be called clearly erroneous unless the testimony is at odds with unimpeachable documents, narrates physically impossible events, or the like. See Anderson v. Bessemer City, 470 U.S. 564 (1975). The informant's story was one a rational trier of fact could believe, especially when backed up (as this was) by recordings of telephone conversations during which drug deals were negotiated, the details of a controlled drug transaction, the testimony of a federal agent that Parsons admitted selling cocaine at the Lounge, and the results of a search that recovered drug scales, weapons, drug ledgers, and some marijuana from the Lounge.
 
 
 4
 Most of Parsons's arguments are variations on the theme that the informant is a liar, that the agent fabricated the confession, and so on. We need not discuss them separately. The only contention requiring comment is his submission that he received ineffective assistance of counsel at the forfeiture proceeding. United States v. 7108 West Grand Avenue, 15 F.3d 632, 635 (7th Cir.1994), which holds that the sixth amendment right to counsel does not apply to forfeiture proceedings, is a sufficient answer.
 
 AFFIRMED
 
 5
 RIPPLE, Circuit Judge, concurring.
 
 
 6
 I concur in the judgment of the court. I write separately simply to make clear my belief that the district court correctly determined that the government had shouldered its probable cause burden and that Mr. Parsons failed to meet his burden of establishing that the property had not been used for the illegal purpose alleged by the government. None of the other contentions of Mr. Parsons require more comment than that already given by the court in its order. I therefore concur that the judgment of the district court ought to be affirmed.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)